IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF MAGGIE COPELAND BY ADMINISTRATOR JON COPELAND AND PERSONAL REPRESENTATIVE OF THE ESTATE OF MAGGIE COPELAND, DECEASED, | CASE NO. 1:23-cv-01517 <br><br> JUDGE JAMES S. GWIN |
| Plaintiff, | **DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., CHUKA ONYENEKE, MD, KELLY WEAVER, LPN, CHRISTINA WILLIAMS, LPN, AND CHRISTOPHER SMITH, LPN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| RICHLAND COUNTY, OHIO/RICHLAND COUNTY BOARD OF COMISSIONERS, et al., | |
| Defendants. | **(JURY DEMAND ENDORSED HEREON)** |

Now comes Defendants, Advanced Correctional Healthcare, Inc. ("ACH"), Chuka Onyeneke, MD, Kelly Weaver, LPN, Christina Williams, LPN, and Christopher Smith, LPN (collectively, "Defendants") through undersigned counsel, and for their Answer to Plaintiff's First Amended First Amended Complaint state as follows:

1. Defendants deny the allegations in paragraph 1 of Plaintiff's First Amended Complaint, and specifically deny allegations of liability against these Defendants.

2. Paragraph 2 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, admit that this court has subject matter jurisdiction over federal court claims. Deny remaining allegations as stated.

3. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 2 of Plaintiff's First Amended First Amended Complaint.

1

4. Paragraph 4 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 4 for lack of knowledge.

5. Paragraph 5 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 5 for lack of knowledge.

6. Paragraph 6 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 6 for lack of knowledge.

7. Paragraph 7 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 7 for lack of knowledge.

8. Paragraph 8 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 8 for lack of knowledge.

9. Paragraph 9 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 9 for lack of knowledge.

10. Paragraph 10 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants admit that Dr. Onyeneke served as jail physician at the Richland County jail. Defendants deny the remaining allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11. Paragraph 11 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants admit that ACH is licensed to do business in Ohio, has corporate office in Tennessee, and is contracted to provide certain medical services in the jail. Defendants deny the remaining allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Paragraph 12 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants admit Nurse Hogie was an LPN employed by ACH. Defendants deny the remaining allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13. Paragraph 13 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants admit Nurse Weaver is an LPN employed by ACH. Defendants deny the remaining allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14. Paragraph 14 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants admit Nurse Williams is a Registered Nurse employed by ACH. Defendants deny the remaining allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15. Paragraph 15 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants admit Nurse Smith is an LPN employed by ACH. Defendants deny the remaining allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16. Paragraph 16 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 16 for lack of knowledge.

17. Paragraph 17 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 17 for lack of knowledge.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's First Amended Complaint for lack of knowledge.

19. Paragraph 19 of Plaintiff's First Amended Complaint consists of legal conclusions such that no response is necessary. To the extent a response is necessary, Defendants deny the allegations in paragraph 19 for lack of knowledge.

**FACTS**

20. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 19 of Plaintiff's First Amended Complaint

21. Defendants deny the allegations in paragraph 21 of Plaintiff's First Amended Complaint for lack of knowledge.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's First Amended Complaint for lack of knowledge.

23. Defendants deny the allegations in paragraph 23 of Plaintiff's First Amended Complaint for lack of knowledge.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's First Amended Complaint for lack of knowledge.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's First Amended Complaint for lack of knowledge.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint for lack of knowledge.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's First Amended Complaint for lack of knowledge.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's First Amended Complaint for lack of knowledge.

29. Defendants deny the allegations in paragraph 29 of Plaintiff's First Amended Complaint for lack of knowledge.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's First Amended Complaint for lack of knowledge.

31. Defendants deny the allegations in paragraph 31 of Plaintiff's First Amended Complaint due to vagueness and for lack of knowledge.

32. Defendants deny the allegations in paragraph 32 of Plaintiff's First Amended Complaint for lack of knowledge or because they are untrue.

33. Defendants deny the allegations in paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants deny the allegations in paragraph 34 of Plaintiff's First Amended Complaint for lack of knowledge.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's First Amended Complaint for lack of knowledge.

36. Defendants deny the allegations in paragraph 36 of Plaintiff's First Amended Complaint due to vagueness and for lack of knowledge.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's First Amended Complaint for lack of knowledge.

38. Defendants admit that withdrawal protocol was started but deny the Defendants deny the allegations in paragraph 38 of Plaintiff's First Amended Complaint due to vagueness and for lack of knowledge.

39. The allegations in Paragraph 39 reference a document that speaks for itself and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced document.

40. The allegations in Paragraph 40 appear to reference a document that speaks for itself and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced document.

41. The allegations in Paragraph 41 appear to reference a document that speaks for itself and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced document.

42. The allegations in Paragraph 42 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced documents.

43. The allegations in Paragraph 43 reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced documents.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's First Amended Complaint due to vagueness and for lack of knowledge.

45. The allegations in Paragraph 45 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced documents.

46. The allegations in Paragraph 46 reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced documents.

47. The allegations in Paragraph 47 reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced documents.

48. The allegations in Paragraph 48 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny to the extent the allegations are inconsistent with the referenced documents.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's First Amended Complaint for lack of knowledge or because they are untrue.

50. The allegations in Paragraph 50 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny for lack of knowledge and to the extent the allegations are inconsistent with the referenced documents.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's First Amended Complaint for lack of knowledge or because they are untrue.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's First Amended Complaint for lack of knowledge or because they are untrue.

53. Defendants admit jail nurses owed a duty to meet the standard of care. Defendants otherwise deny the remaining allegations set forth in Paragraph 53 of Plaintiff's First Amended Complaint due to the vagueness of the allegations and/or because the allegations are untrue.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's First Amended Complaint for lack of knowledge.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's First Amended Complaint for lack of knowledge.

56. Defendants deny the allegations in paragraph 56 of Plaintiff's First Amended Complaint for lack of knowledge.

57. Upon information and belief, Defendants admit the allegations in paragraph 57 of Plaintiff's First Amended Complaint.

58. Upon information and belief, Defendants admit the allegations in paragraph 58 of Plaintiff's First Amended Complaint.

59. The allegations in Paragraph 59 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny for lack of knowledge and to the extent the allegations are inconsistent with the referenced documents.

60. The allegations in Paragraph 60 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny for lack of knowledge and to the extent the allegations are inconsistent with the referenced documents.

61. Defendants deny the allegations in paragraph 61 of Plaintiff's First Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's First Amended Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiff's First Amended Complaint.

65. Defendants deny the allegations in paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiff's First Amended Complaint.

67. Defendants deny the allegations in paragraph 67 of Plaintiff's First Amended Complaint.

68. The allegations in Paragraph 68 appear to reference documents that speak for themselves and therefore no response is required. To the extent a response is required, deny for lack of knowledge and to the extent the allegations are inconsistent with the referenced documents.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendants deny the allegations in paragraph 71 of Plaintiff's First Amended Complaint.

72. Defendants deny the allegations in paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendants admit that drug withdrawal should be addressed pursuant to the applicable standard of care, but deny the remaining allegations in Paragraph 73.

74. Defendants deny the allegations in paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendants admit that medical providers should address symptoms of drug withdrawal pursuant to the applicable standard of care. Defendants otherwise deny the remaining allegations set forth in Paragraph 75 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue.

76. Defendants deny the allegations in paragraph 76 of Plaintiff's First Amended Complaint.

77. Defendants deny the allegations set forth in Paragraph 77 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue.

78. Defendants deny the allegations set forth in Paragraph 78 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

79. Defendants deny the allegations set forth in Paragraph 79 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

80. Defendants deny the allegations set forth in Paragraph 80 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

81. Defendants admit that ACH is contracted to provide certain medical services in the jail. Defendants deny the remaining allegations in paragraph 8` of Plaintiff's First Amended Complaint.

82. Defendants deny the allegations in paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of Plaintiff's First Amended Complaint for lack of knowledge.

84. Defendants deny the allegations set forth in Paragraph 84 of Plaintiff's First Amended Complaint as stated for lack of knowledge.

85. Defendants deny the allegations in paragraph 85 of Plaintiff's First Amended Complaint.

86. Defendants deny the allegations in paragraph 86 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

87. Defendants admit that Dr. Onyeneke was a jail physician at the Richland County Jail, but deny the remaining allegations in paragraph 87 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

88. Defendants admit that Dr. Onyeneke served as jail physician at the Richland County Jail during relevant times, but deny the remaining allegations in paragraph 88 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

89. Defendants admit that Dr. Onyeneke served as jail physician at the Richland County Jail during relevant times, but deny the remaining allegations in paragraph 89 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

90. Defendants deny the allegations in paragraph 90 of Plaintiff's First Amended Complaint as stated due to the vagueness of the allegations and/or because the allegations are untrue and/or for lack of knowledge.

91. Defendants deny the allegations in paragraph 91 of Plaintiff's First Amended Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiff's First Amended Complaint.

93. Defendants deny the allegations in paragraph 93 of Plaintiff's First Amended Complaint.

94. Defendants deny the allegations in paragraph 94 of Plaintiff's First Amended Complaint.

95. Defendants deny the allegations in paragraph 95 of Plaintiff's First Amended Complaint.

96. Defendants deny the allegations in paragraph 96 of Plaintiff's First Amended Complaint.

97. Defendants deny the allegations in paragraph 97 of Plaintiff's First Amended Complaint.

98. Defendants deny the allegations in paragraph 98 of Plaintiff's First Amended Complaint.

99. Defendants deny the allegations in paragraph 99 of Plaintiff's First Amended Complaint.

100. Defendants deny the allegations in paragraph 100 of Plaintiff's First Amended Complaint.

101. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 100 of Plaintiff's First Amended Complaint.

102. Defendants deny the allegations in paragraph 102 of Plaintiff's First Amended Complaint.

103. Defendants deny the allegations in paragraph 103 of Plaintiff's First Amended Complaint.

104. Defendants deny the allegations in paragraph 104 of Plaintiff's First Amended Complaint.

## **DEFENSE TO FIRST CAUSE OF ACTION – 14 U.S.C. § 1983**

105. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 104 of Plaintiff's First Amended Complaint.

106. Defendants deny the allegations in paragraph 106 of Plaintiff's First Amended Complaint.

107. Defendants deny the allegations in paragraph 107 of Plaintiff's First Amended Complaint.

108. Defendants deny the allegations in paragraph 108 of Plaintiff's First Amended Complaint.

109. Defendants deny the allegations in paragraph 109 of Plaintiff's First Amended Complaint.

**DEFENSE TO SECOND CAUSE OF ACTION – MEDICAL NEGLIGENCE**

110. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 109 of Plaintiff's First Amended Complaint.

111. Defendants deny the allegations in paragraph 111 of Plaintiff's First Amended Complaint.

112. Defendants deny the allegations in paragraph 112 of Plaintiff's First Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of Plaintiff's First Amended Complaint.

114. Defendants deny the allegations in paragraph 114 of Plaintiff's First Amended Complaint.

115. Defendants deny the allegations in paragraph 115 of Plaintiff's First Amended Complaint.

116. Defendants deny the allegations in paragraph 116 of Plaintiff's First Amended Complaint.

**DEFENSE TO THIRD CAUSE OF ACTION – SURVIVAL ACTION (ORC 2305.21)**

117. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 116 of Plaintiff's First Amended Complaint.

118. Defendants deny the allegations in paragraph 118 of Plaintiff's First Amended Complaint.

119. Defendants deny the allegations in paragraph 119 of Plaintiff's First Amended Complaint.

**DEFENSE TO FOURTH CAUSE OF ACTION – WRONGFUL DEATH**

120. Defendants incorporate by reference, as though fully restated herein, their answers to Paragraphs 1 through 119 of Plaintiff's First Amended Complaint.

121. Defendants deny the allegations in paragraph 121 of Plaintiff's First Amended Complaint.

122. Defendants deny the allegations in paragraph 122 of Plaintiff's First Amended Complaint.

123. Defendants deny the allegations in paragraph 123 of Plaintiff's First Amended Complaint.

124. Paragraph 124 of Plaintiff's First Amended Complaint is a jury demand, makes no allegation, and requires no admission or denial.

WHEREFORE, Defendants, Advanced Correctional Healthcare, Inc., Chuka Onyeneke, MD, Kelly Weaver, LPN, Christina Williams, LPN, and Christopher Smith, LPN, pray that Plaintiff's First Amended First Amended Complaint be dismissed, with costs assessed against Plaintiff.

**AFFIRMATIVE DEFENSES**

1. Any allegation not specifically admitted herein is denied.

2. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted in some or all respects pursuant to Fed. Civ. R. 12(b)(6).

3. Estoppel.

4. These Defendants submit that they are entitled to all rights and benefits provided by the rule of common law or statutory immunity, including absolute and qualified good faith immunity.

5. These Defendants are entitled to all immunities, privileges, defenses, damage limitations, damage set offs and other benefits provided by Ohio and Federal statutory and common law, including O.R.C. § 2744.

6. The County and the Defendants associated with the County and sued in their official capacities are immune from any award of punitive damages in this matter.

7. If Plaintiff suffered any injuries or damages, which matters are specifically denied, then said injuries or damages were solely and proximately caused by the acts or omissions of Plaintiff or person or entities over whom these Defendants bear no legal responsibility, had no control, no right to control, no duty to control and in fact did not control, and therefore, Plaintiff cannot recover from Defendants.

8. These Defendants submit that no defendants' policy, custom or practice proximately caused any injuries to Plaintiff or deprived decedent of a constitutional right.

9. These Defendants submit that they, and any of ACH's employees, acted in good faith at all times and were not, at any time, deliberately indifferent to the rights of the Plaintiff.

10. These Defendants submit that Plaintiff's claims do not rise to the level of a constitutional tort.

11. Plaintiff has failed to exhaust administrative remedies and/or prison grievance procedures.

12. These Defendants submit that punitive damages are not applicable and should not be available to the Plaintiff in this matter.

13. Some or all of Plaintiff's claims are barred by the statute of limitations applicable to those claims.

14. Failure to join a necessary or indispensable party.

15. Waiver.

16. Defendants submit that they and their employees at all times acted in good faith and that they were not at any time deliberately indifferent to the rights of the decedent.

17. Laches.

18. One or more of Plaintiff's claims are barred by the applicable statute of repose set forth in O.R.C. § 2305.113.

19. The injuries to Plaintiff were a consequence of Plaintiff's expressly or impliedly assuming the risk of those injuries and damages and therefore Defendants are released from any liability to Plaintiff and the claims set forth by Plaintiff in the First Amended Complaint are barred.

20. Alleged injuries are attributable to one or more persons from whom the Plaintiff did not seek recovery in this action.

21. Although Defendants specifically deny any liability to the Plaintiff, Defendants affirmatively state that the injuries and damages as described by Plaintiff in the First Amended Complaint were proximately caused by the intervening and superseding negligence and/or other tortious conduct of another person and/or entity and therefore, Plaintiff cannot recover from Defendants.

22. Plaintiff/decedent was comparatively negligent with regard to the injuries and damages of Plaintiff as described by Plaintiff in the First Amended Complaint; accordingly, Plaintiff is either barred from recovery against Defendants or any recovery obtained by Plaintiff against Defendants must be reduced by an amount to be determined by the trier of fact.

23. Plaintiff failed to minimize or mitigate damages and injuries claimed to have been suffered as a result of the event at issue; accordingly, any recovery by Plaintiff against Defendants is either barred from recovery against Defendants or any recovery obtained by Plaintiff against Defendants must be reduced by an amount to be determined by the trier of fact.

24. Plaintiff lacks a reasonable good faith basis upon which to bring a medical claim against Defendants thereby entitling Defendants to an award of attorneys' fees and costs against Plaintiff as provided by O.R.C. § 2323.42.

25. One or several of the claims set forth for damages by Plaintiff in the First Amended Complaint are subject to the limits on certain types of damages and this Court is without jurisdiction to enter judgment for Plaintiff beyond the limitations set forth in R.C. § 2323.43.

26. One or more of the claims expressly or impliedly set forth by Plaintiff in the First Amended Complaint was not brought in the name of the real party in interest pursuant to Fed. Civ.R. 17(a).

27. Defendants are entitled to a set-off from any verdict or judgment entered against them, of any amount paid to Plaintiff by any other person or entity, pursuant to R.C. 2307.28.

28. Defendants are entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. 2307.23.

29. Plaintiff's claims are barred and/or limited by Ohio Tort Reform Legislation.

30. Plaintiff's First Amended Complaint is subject to the limitations set forth and SB281, SB120 and SB179 and corresponding revised code sections.

31. Plaintiff lacks the capacity to sue.

32. Plaintiff lacks standing to sue.

33. There is no subject matter jurisdiction for one or more of the claims.

34. Defendants expressly preserve and do not knowingly or intentionally waive any of the other affirmative defenses set forth in Rule 8 and Rule 12 of the Federal Rules of Civil Procedure or under applicable law, which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

35. Defendants reserve the right to assert additional defenses as they may arise during the course of discovery and further reserve the right to amend and/or supplement this Answer as necessary in accordance with the Federal Rules of Civil Procedure and/or any applicable Scheduling Order entered by the Court.

Respectfully submitted,

/s/ Jonathan H. Krol
Brian T. Gannon (0077442)
Jonathan H. Krol (0088102)
Reminger Co., L.P.A.
200 Public Square, Suite 1200
Cleveland, Ohio 44114
P: (216) 687-1311 | F: (216) 687-1841
bgannon@reminger.com
jkrol@reminger.com
*Attorneys for Defendants Advanced Correctional Healthcare, Inc., Chuka Onyeneke, MD, Kelly Weaver, LPN, Christina Williams, LPN, and Christopher Smith, LPN*

**JURY DEMAND**

Trial by jury of the maximum number of jurists permitted is requested.

/s/ Jonathan H. Krol
Jonathan H. Krol (0088102)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, a copy of the foregoing *Answer To Plaintiff's First Amended Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties can access this document through the Court's system.

/s/ Jonathan H. Krol
Jonathan H. Krol (0088102)
Reminger Co., L.P.A.